Ruffin, C. J.
The Court is of opinion, that the construction put on the instrument given by the plaintiffs is erroneous. It is in form a personal obligation of the sons, under a penalty, that the father shall, upon certain terms, possess and enjoy the property as long as he will live on the land. The question is, whether it is to be taken according to its form and natural sense, or to be construed to be a reservation or conveyance of the legal estate, to the father for life. The true principle for the construction of all instruments, is that of effectuating the intention of the parties, if it can be" done. When there is but one instrument, the different parts ought to *496 be reconciled, if possible, so as to make each separate, and the whole received in such a sense ut res magis valecit, quam pereat. If, indeed, a conveyance be made of chattels, to take effect after a life estate, or if the grantor of chattels expressly reserve a life estate, there is no helping the grantee, unless under some statute; because at the common law, nothing remained, after the life estate, to be conveyed. But if there be a conveyance of chattels in immediate and absolute property, and there be in the same indenture a distinct personal covenant of the grantee, that the grantor shall have certain uses of the property during life, that ought not to be construed as a conveyance, or rather a reservation of a life estate, but taken as a covenant merely; because it is in that form, which of itself, indicates the intention to a great extent; and chiefly, because the granting part of the instrument would otherwise be made void, and thus the whole contract become of none effect. Much more does a construction in support of all parts of the contract commend itself, when the different parts are put into separate, and apparently in different instruments. There is no doubt, that all instruments, executed at the same time and relating to the same subject, may be treated as forming but one and construed together. But that is not the natural construction, and is only resorted to in order to effectuate the intention, and where the provisions of the two instruments, if put together, will not be incompatible. Where contracts are put into several instruments, each of which has a sensible meaning and may have a full operation, by itself, it would be a hazardous assumption to put them together for the purpose of making them mean, as one, differently from what they could in this separate state. And, certainly, the Court can not do such violence to the intentions of the parties, and the language in which they are expressed, as to consolidate separate instruments, when the effect of doing so would be to avoid an essential part of the contract, and make an estate,intended to be granted, fail altogether.
*497 Here the legal title of the land, negro and other chattels was conveyed to the plaintiffs by the deeds to them, taken in their natural import and by themseleves. The contract on the part of the sons purports to be a pecuniary obligation, with certain under-written stipulations to be performed as conditions. It was unquestionably intended, that the sons should have somé title in all and each of the things conveyed ; and the only way in which they can, is to vest the whole in them absolutely ; for they get nothing, if their grantor reserved a life estate. This is certainly so as to all the chattels except the negro; and that governs the construction, becau'se'it is conclusive of the intention as to them, and therefore as to the negro and land also, which are all included together in the condition, of the bond, and the same provision made as the whole. In this very case the Superior Court was obliged, upon the construction there adopted, to hold, that the grant to the sons of the perishable chattels was annulled ah initio, by the estate ibr life supposed to be reserved to the father. That seems to us to be an unanswerable argument against putting the obligation of the sons to the deed of the father ; for it not only modifies the operation of the latter, but, as to the chattels, defeats it entirely. In fine we do not see any reason, why either the obligation of the sons, or that of the father, in the same penalty, and importing to be personal contracts, should not enure as such merely; or why the former should be allowed to operate as part of the deed, made by the father, and thus defeat the estate granted therein.
Per Curiam. Judgment reversed and venire de novo.